UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAISY FIDEL and CORAZON A. DIVINA,

Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE TRUST 2006-1,

Defendant.

No. C10-2094 RSL

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## I.  INTRODUCTION

This matter comes before the Court on defendant Deutsche Bank National Trust Company's motion to dismiss. Dkt. #12. Plaintiffs' complaint seems to allege claims for securities fraud, violation of the Truth in Lending Act ("TILA"), violation of the Real Estate Settlement Procedures Act ("RESPA"), and quiet title. Plaintiffs seek rescission of the Deed of Trust, voiding of the promissory note, and an injunction against foreclosure. Compl. at 16-19. Plaintiffs allege few facts, and, instead, attempt to incorporate by reference a Securitization Audit and Forensic Audit, attached as exhibits C and D to the complaint. The Court has disregarded these documents. Plaintiffs must state facts sufficient to state a claim for relief in the complaint, rather than rely on legal conclusions from a report.

ORDER GRANTING MOTION TO DISMISS - 1

1    The Court generally may not consider material beyond the pleadings in ruling on a
2  motion to dismiss.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  However,
3  where documents are referenced extensively in the complaint, form the basis of plaintiffs'
4  claim, or are subject to judicial notice, the Court may consider those documents in the context
5  of a motion to dismiss.  United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003).
6  Accordingly, the Court has considered the documents attached to the declarations of Nigel
7  Avilez and Irma Ramirez.  Dkt. #13, #14.

**II.    BACKGROUND**

In November 2005, plaintiffs Daisy Fidel and Corazon Divina, daughter and mother, executed a promissory note (the "Note") for $204,000 from Long Beach Mortgage Company. Dkt. #14-1 (Ramirez Decl.), Ex. A; see Compl. ¶23.a.  The Note was secured by a Deed of Trust, which was executed and recorded in November 2005.  Dkt. #14-1 (Ramirez Decl.), Ex. B; Compl. ¶21.  A deed of trust is, in essence, a three-party mortgage through which the borrower gives a third party a lien on the real property to hold in trust as security until the obligation to the lender is discharged.  Wn. House of Rep. Bill Report, 2008 Reg. Sess. S.B. 5378 (March 6, 2008).  The third party is called the trustee, and the lender is generally identified as the beneficiary of the trust.  Through this arrangement, title to the real property passes to the borrower, but the lender is protected under the trust agreement.  If the borrower defaults on his loan, the beneficiary need not file a civil suit to foreclose on the mortgage.

In 2006, plaintiffs' loan was sold into a securitized pool of loans, known as the Long Beach Mortgage Loan Trust 2006-1.  Compl. ¶23.b-c.  The Pooling and Servicing Agreement ("PSA") governs the Trust's responsibilities, and identifies defendant as Trustee and Long Beach Mortgage Company as the seller and Master Servicer.   Dkt. #13-1 (Avilez Decl.), Ex. A; http://www.sec.gov/Archives/edgar/data/1350315/000114420406007296/exh41.htm (last

ORDER GRANTING MOTION TO DISMISS - 2

visited June 8, 2011).[1]  Under the PSA, the Master Servicer is authorized and empowered by the Trustee to institute foreclosure proceedings upon default.  PSA §§3.01, 3.16.  Pursuant to the PSA, the Note was endorsed to defendant and transferred to defendant's custody.  Id. at §§ 2.01(a), 2.02; dkt. #14-1 (Ramirez Decl.), Ex. A at 5 (endorsement).

Long Beach Mortgage Company merged into WaMu, and WaMu assumed Long Beach Mortgage Company's servicing rights and obligations under the PSA.  See http://files.ots.treas.gov/660010.pdf (last visited June 8, 2011), http://www.fdicoig.gov/reports10%5C10-002EV.pdf (last visited June 8, 2011).  In September 2008, the FDIC put WaMu into receivership, and Chase acquired certain WaMu assets from the FDIC, including loan servicing rights and obligations.  See http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf, §2.1 (last visited June 8, 2011).  In May 2009, plaintiffs were sent a Notice of Default.  Dkt. #14-1 (Ramirez Decl.), Ex. C.  The Notice of Trustee's Sale was recorded in July 2010.  Dkt. #13-1 (Avilez Decl.), Ex. E.  The foreclosure sale did not occur in October 2010, as scheduled.  Subsequently, plaintiffs filed their complaint on January 3, 2011.

## III. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the non-moving party.  Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).  The Court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff.  Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998).  However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted

---

[1] The Court may take judicial notice of public documents, such as SEC filings.  Dreiling v. Am. Express Co., 458 F.3d 942, 946, n.2 (9th Cir. 2006).

ORDER GRANTING MOTION TO DISMISS - 3

1 | deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Additionally, the Court is not required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint. Stechman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998). This Court holds the pleadings of *pro se* complainants to less stringent standards than those of licensed attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, every complainant must demonstrate some claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**B. Analysis**

Plaintiffs are proceeding *pro se* in this matter. They allege few facts, and the Complaint appears to be a stock complaint that has been filed by many *pro se* plaintiffs without regard to their individual situation. Plaintiffs have not responded to the substantive arguments made by defendant, which the Court construes as a concession that the motion has merit. Local Civ. R. 7(b)(2). Instead, plaintiffs only response is as follows:

> Plaintiffs request the Defendant's motion be stricken because the Defendant seeks to inappropriately force the Court to take mandatory judicial notice of an inadmissible copied, pasted and manipulated document which the Defendant purports is a Note signed by Plaintiffs, see Motion to Dismiss Page 3, Section II.B. Plaintiffs deny and question the contents of the purported Note and have never seen the document before; and, Plaintiff's [sic] deny that the signatures on the purported inadmissible copied, pasted and manipulated document are those of the Plaintiffs . . . .

ORDER GRANTING MOTION TO DISMISS - 4

Dkt. #16 (Opp'n).[2] Plaintiffs do not challenge the authenticity of the actual Note or the Deed of Trust, only the excerpts that were electronically copied into defendant's memoranda. Indeed, plaintiffs admit that they executed a promissory note (Compl. ¶¶23.a, 36.b), and defendant has provided the Note, which lists the correct parties, property, and amount (dkt. #14-1, Ex. A).[3]

The Court has reviewed plaintiffs' Complaint and finds that plaintiffs have failed to set forth sufficient facts to show that they are entitled to relief on any of the asserted claims. Iqbal, 129 S. Ct. at 1949. As to the claim for securities fraud, plaintiffs have failed to plead fraud with the requisite particularity pursuant to Fed. R. Civ. P. 9(b). See Schwartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (complaint must include an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations). As to their TILA and RESPA claims, plaintiffs affirmatively allege facts which show that the claim is barred by the applicable statute of limitations. As to the claim for quiet title, plaintiffs have not stated facts sufficient to support this claim. In contrast, defendant has provided the Note, which was endorsed to defendant and is currently in defendant's possession. Accordingly, defendant has the authority to institute foreclosure proceedings. RCW 61.24.005 (defining "beneficiary" as the "holder of the instrument or document evidencing the obligations secured by the deed of trust"); RCW 62A.3-301 ("holder of instrument" is entitled to enforce the instrument); Fidelity & Deposit v. Ticor, 88 Wn. App. 64, 68 (1997) (mortgage follows the debt); Leisure Time Sports v. Wolfe, 194 B.R. 859, 861 (9th

---

[2] The Court notes that Ms. Fidel may not represent her mother in this action because a non-attorney litigant may not represent other litigants. Church of the New Testament v. United States, 783 F.2d 771, 774 (9th Cir. 1986). A power of attorney does not authorize a non-attorney to file *pro se* legal documents on another's behalf. See State v. Hunt, 75 Wn. App. 795, 803-04 (1994) (finding that power of attorney statutes do not allow lay persons to practice law).

[3] The Court notes that the signatures on the Note, the Deed of Trust and the Complaint (for Ms. Fidel since Ms. Divina did not sign the Complaint) are remarkably similar.

ORDER GRANTING MOTION TO DISMISS - 5

Cir. BAP 1996) ("the security interest follows the debt"); <u>In re Jacobson</u>, 402 B.R. 359, 367 (Bankr. W.D. Wash. 2009) ("[T]ransfer of the note carries with it the security"); Compl., Ex. E (Assignment of Deed of Trust to defendant). Having reviewed plaintiffs' complaint, the Court finds that it fails to allege enough facts to make any of plaintiffs' asserted claims plausible.

## IV. CONCLUSION

For all the foregoing reasons, the Court GRANTS defendant's motion to dismiss and DISMISSES plaintiffs' claims.

DATED this 14th day of June, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 6